IN THE DISTRICT COURT OF THE UNITED STATES
FOR THE MIDDLE DISTRICT OF ALABAMA
EASTERN DIVISION

ANTHONY BLACK,

Plaintiff,

v.

STATE TROOPER JACKSON and PROSECUTOR,

Defendants.

CASE NO. 3:18-CV-587-WKW
[WO]

**RECOMMENDATION OF THE MAGISTRATE JUDGE**

This 42 U.S.C. § 1983 action is before the court on a complaint filed by Anthony Black, an indigent inmate, on June 15, 2018.[1] Black is currently incarcerated in the Lee County Detention Center on a sentence imposed upon him by the Circuit Court of Lee County, Alabama for a 2014 felony conviction for Driving Under the Influence ("DUI"). Specifically, on January 24, 2018, the state trial court issued an order revoking Black's term of probation associated with the DUI conviction and sentencing him to one year of imprisonment. Doc. 1-2 at 6.

In the instant complaint, Black challenges the constitutionality of his arrest for felony DUI on October 22, 2012 by Daniel Jackson, an Alabama State Trooper, and the actions of an Assistant District Attorney assigned to prosecute the criminal charge arising

[1] The Clerk stamped the complaint "received" on June 18, 2018. Black, however, executed the complaint on June 15, 2018, Doc. 1 at 4, and this is the earliest date he could have placed the complaint in the jail's mail system. A *pro se* inmate's complaint is deemed to be filed on the date it is delivered to jail officials for mailing. *Houston v. Lack*, 487 U.S. 266, 271–72 (1988); *Adams v. United States*, 173 F.3d 1339, 1340–41 (11th Cir. 1999); *Garvey v. Vaughn*, 993 F.2d 776, 780 (11th Cir. 1993). Thus, the court considers June 15, 2018 to be the date of filing.

from this arrest. Doc. 1 at 2–3. Black also challenges the revocation of his probation in the DUI case. Doc. 1-2 at 1 (alleging the imposition of a "1 year [sentence] in the state penitentiary" is not legal). Black seeks his immediate release from incarceration and "max" relief for the alleged violations of his constitutional rights. Doc. 1 at 4. The court construes these requests to include declaratory, injunctive, and monetary relief.

Upon thorough review of the complaint, the court concludes that this case is due to be summarily dismissed pursuant to the provisions of 28 U.S.C. § 1915(e)(2)(B)(i), (ii) and (iii).[2]

## I. DISCUSSION

### A. Relevant Facts

The facts are gleaned from the complaint, the documents submitted in support of the complaint and relevant state court records contained on the Alabama Trial Court System, hosted at www.alacourt.com. *See Keith v. DeKalb Cnty*, 749 F.3d 1034, 1041 n.18 (11th Cir. 2014) ("We take judicial notice of [the State's] Online Judicial System.").

On October 4, 2012, Black was involved in an automobile accident in Lee County, Alabama. Doc. 1-2 at 5. On October 22, 2012, defendant Jackson arrested Black for felony DUI and placed him in the Lee County Detention Center. A Lee County grand jury indicted Black for felony DUI on February 7, 2014. Black entered a guilty plea to

[2] The court granted Black leave to proceed *in forma pauperis* on June 20, 2018. Doc. 3. A prisoner granted *in forma pauperis* status will have his complaint screened in accordance with the provisions of 28 U.S.C. § 1915(e)(2)(B). This screening procedure requires the court to dismiss the complaint prior to service of process if it determines that the claims raised therein are frivolous, malicious, fail to state a claim upon which relief may be granted, or seek monetary damages from a defendant who is immune from such relief. 28 U.S.C. § 1915(e)(2)(B)(i)-(iii).

felony DUI and the trial court imposed sentence upon him for this conviction on June 13, 2014. Black states that he "pleaded guilty because they said if I go [to trial] they [will] ask for 30 years." Doc. 1 at 3. The trial court sentenced Black to 10 years of imprisonment, split to serve two years with five years of probation upon completion of the term of incarceration. Black received jail credit on this sentence for the 20 months he remained incarcerated in the Lee County Detention Center from the date of his arrest until entry of his guilty plea, and therefore gained his release on this sentence sometime in 2014. Doc. 1 at 3.

On December 23, 2017, during the term of probation for his felony DUI conviction, Black was arrested for public intoxication. Subsequently, the trial court issued a warrant for Black's arrest due to violations of the terms of his probation—*i.e.*, his arrest for public intoxication and the failure to report to his probation officer. Doc. 1-2 at 6. On December 29, 2017, law enforcement officials arrested Black for the probation violations. Doc. 1-2 at 5–6. On January 24, 2018, the Circuit Court of Lee County, Alabama revoked Black's probation on his felony DUI case and imposed a one-year sentence of incarceration. Doc. 1-2 at 5–6. The court ordered that Black receive 32 days of jail credit and extended his probation for one year. Doc. 1-2 at 5–6.

**B. Plaintiff's 2012 Arrest**

Black challenges the constitutionality of his arrest on October 22, 2012. Specifically, Black alleges Jackson arrested him "without a warrant." Doc. 1 at 3. Any

claims related to Black's arrest in October 2012 are barred by the statute of limitations applicable to a federal civil action filed by an inmate under 42 U.S.C. § 1983.

> All constitutional claims brought under § 1983 are tort actions, subject to the statute of limitations governing personal injury actions in the state where the § 1983 action has been brought. *Wilson v. Garcia*, 471 U.S. 261, 275–76, 105 S. Ct. 1938, 1946–47, 85 L. Ed. 2d 254 (1985). [The plaintiff's] claim was brought in Alabama where the governing limitations period is two years. Ala. Code § 6-2-38; *Jones v. Preuit & Mauldin*, 876 F.2d 1480, 1483 (11th Cir. 1989) (en banc). Therefore, in order to have his claim heard, [the plaintiff is] required to bring it within two years from the date the limitations period began to run.

*McNair v. Allen*, 515 F.3d 1168, 1173 (11th Cir. 2008).

The arrest about which Black complains occurred on October 22, 2012. By its express terms, the tolling provision of Alabama Code § 6-2-8(a) affords no relief to Black from application of the time bar.[3] The statute of limitations applicable to Black's illegal arrest claim therefore began to run on October 23, 2012.[4] The limitations period ran uninterrupted until its expiration on October 23, 2014. Black filed the instant complaint on June 15, 2018. The filing of this civil action occurred well after expiration of the applicable period of limitations.

Unquestionably, the statute of limitations is a matter customarily raised as an affirmative defense. However, when a plaintiff proceeds *in forma pauperis* in a civil

---

[3] The tolling provision provides that if an individual who seeks to commence a civil action "is, at the time the right accrues, below the age of 19 years, or insane, he or she shall have three years, or the period allowed by law for the commencement of an action if it be less than three years, after the termination of the disability" to commence the action, not to exceed "20 years from the time the claim or right accrued." Ala. Code § 6-2-8(a). Black's state-court records demonstrate that he had not been deemed legally insane at the time his cause of action accrued. These records also establish that he was not under the age of 19 at the time his claims accrued.

[4] In computing the federal period of limitations, the court shall "exclude the day of the event that triggers the period." Fed.R.Civ.P. 6(a)(1)(A).

action the court may *sua sponte* consider affirmative defenses that are apparent from the face of the complaint. *Clark v. Ga. Pardons & Parole Bd.*, 915 F.2d 636, 640 n.2 (11th Cir. 1990); *see also Ali v. Higgs*, 892 F.2d 438 (5th Cir. 1990). "[I]f the district court sees that an affirmative defense would defeat the action, a section 1915[(e)(2)(B)(i)] dismissal is allowed." *Clark*, 915 F.2d at 640. "The expiration of the statute of limitations is an affirmative defense the existence of which warrants dismissal as frivolous." *Id*. at n.2 (citing *Franklin v. St. of Ore.*, 563 F. Supp. 1310, 1330, 1332 (D.C. Ore. 1983)).

In analyzing § 1983 cases, "the court is authorized to test the proceeding for frivolousness or maliciousness even before service of process or before the filing of the answer." *Ali*, 892 F.2d at 440. "It necessarily follows that in the absence of the defendant or defendants, the district court must evaluate the merit of the claim *sua sponte*." *Id*.

> An early determination of the merits of an IFP proceeding provides a significant benefit to courts (because it will allow them to use their scarce resources effectively and efficiently), to state officials (because it will free them from the burdens of frivolous and harassing litigation), and to prisoners (because courts will have the time, energy and inclination to give meritorious claims the attention they need and deserve). "We must take advantage of every tool in our judicial workshop."

*Green v. McKaskle*, 788 F.2d 1116, 1120 (5th Cir. 1986) (quoting *Spears v. McCotter*, 766 F.2d 179, 182 (5th Cir. 1985)).

Based on the facts apparent from the face of the present complaint, Black has no legal basis on which to proceed with respect to the claim challenging his arrest on October 22, 2012. As previously determined, the statutory tolling provision is

unavailing. Consequently, the governing two-year period of limitations expired over three years prior to Black's filing of the instant complaint. In light of the foregoing, the court concludes that the illegal arrest claim is barred by the applicable statute of limitations and therefore subject to dismissal as frivolous in accordance with the directives of 28 U.S.C. § 1915(e)(2)(B)(i). *See Clark*, 915 F.2d at 636; *see also Neitzke v. Williams*, 490 U.S. 319, 327 (1989).

**C. The State Prosecutor**

Black complains that the prosecutor simply "went along with" the facts provided by Jackson during the prosecution of his felony DUI case. Doc. 1 at 4. But "a prosecutor is entitled to absolute immunity for all actions [she] takes while performing [her] function as an advocate for the government." *Buckley v. Fitzsimmons*, 509 U.S. 259, 273 (1993); *Jones v. Cannon*, 174 F.3d 1271, 1281 (11th Cir. 1999) (holding that "[a] prosecutor enjoys absolute immunity from allegations stemming from the prosecutor's function as advocate"). In a § 1983 action, "the immunity that the law grants prosecutors [for actions intimately associated with initiation, prosecution and punishment in a criminal case] is 'absolute.'" *Van de Kamp v. Goldstein*, 555 U.S. 335, 342 (2009)); *Imbler v. Pachtman*, 424 U.S. 409, 420 (1976) (holding that "a prosecutor enjoys absolute immunity from § 1983 suits for damages when [she] acts within the scope of [her] prosecutorial duties"); *Rowe v. Fort Lauderdale*, 279 F.3d 1271, 1279 (11th Cir. 2002) (holding that "[a] prosecutor is entitled to absolute immunity for all actions [she] takes while performing [her] function as an advocate for the government"). The absolute immunity afforded

prosecutors protects against "impair[ing] the performance of a central actor in the judicial process." *Malley v. Briggs*, 475 U.S. 335, 343 (1986). Absolute immunity from § 1983 liability is afforded to all conduct of a prosecutor that is "intimately associated with the judicial phase of the criminal process," which includes representing the State's interests during guilty plea proceedings. *Burns v. Reed*, 500 U.S. 478, 486 (1991) (quoting *Imbler*, 424 U.S. at 430–31).

Black's claims against the prosecutor relate solely to actions undertaken by an assistant district attorney while she engaged in activities intimately associated with the judicial phase of the criminal process—conduct for which the prosecutor is entitled to absolute immunity. *Buckley*, 509 U.S. at 273; *Burns*, 500 U.S. at 493. Thus, Black's claims against the prosecutor are due to be dismissed pursuant to the directives of 28 U.S.C. § 1915(e)(2)(B)(i) and (iii). In addition, Black is entitled to no declaratory or injunctive relief against this defendant for any alleged adverse action related to his felony DUI conviction for the seasons discussed above.

**D. The Challenges to Plaintiff's Conviction and Probation Revocation**

In as much as Black presents claims that attack the fundamental legality of his conviction for felony DUI and the revocation of probation on the sentence imposed for this offense, he is entitled to no relief on these claims. *Edwards v. Balisok,* 520 U.S. 641, 646 (1997); *Heck v. Humphrey,* 512 U.S. 477 (1994); *Preiser v. Rodriguez*, 411 U.S. 475, 500 (1973).

In *Heck*, the Supreme Court held that claims challenging the legality of a prisoner's confinement are not cognizable in a 42 U.S.C. § 1983 action "unless and until the conviction or sentence is reversed, expunged, invalidated, or impugned by the grant of a writ of habeas corpus," and complaints containing these claims must therefore be dismissed. *Heck*, 512 U.S. at 489. The relevant inquiry is "whether a judgment in favor of the plaintiff would necessarily imply the invalidity of his conviction or sentence." *Id.* at 487; *Balisok*, 520 U.S. at 648 (holding that inmate's claims for declaratory relief, injunctive relief, or monetary damages that "necessarily imply the invalidity of the punishment imposed, [are] not cognizable under § 1983"). The rule of *Heck* therefore is not limited to a request for damages but is equally applicable to an inmate's request for declaratory judgment or injunctive relief. "It is irrelevant that [the plaintiff] disclaims any intention of challenging his conviction [or sentence]; if he makes allegations that are inconsistent with the [action] having been valid, *Heck* kicks in and bars his civil suit." *Okoro v. Callaghan*, 324 F.3d 488, 490 (7th Cir. 2003) (citing *Balisok*, 520 U.S. at 646–48). In addition, the rationale of *Heck* applies to civil actions filed by inmates challenging revocations of probation where a favorable decision "*would* imply the invalidity of the order of revocation" and any sentence related to the revocation. *Vickers v. Donahue*, 137 F. App'x 285, 289 (11th Cir. 2005).

"[H]abeas corpus is the exclusive remedy for a state prisoner who challenges the fact or duration of his confinement and seeks immediate or speedier release, even though such a claim may come within the literal terms of § 1983." *Heck*, 512 U.S. at 481. The

"sole remedy in federal court" for a prisoner challenging the constitutionality of incarceration on a sentence of a state court is a petition for writ of habeas corpus. *Balisok*, 520 U.S. at 645. *Heck* directs that a state inmate "making a collateral attack on [the basis for his incarceration] . . . may not do that in a civil suit, other than a suit under the habeas corpus statute." *Okoro*, 324 F.3d at 490. An inmate "cannot seek to accomplish by a section 1983 declaratory judgment what he must accomplish solely through a writ of habeas corpus." *Jones v. Watkins*, 945 F. Supp. 1143, 1151 (N.D. Ill. 1996); *Miller v. Ind. Dept. of Corr.*, 75 F.3d 330, 331 (7th Cir. 1996) (holding that, under *Heck*, the determinative issue "is not the relief sought, but the ground of the challenge"); *Cook v. Baker*, 139 F. App'x 167, 169 (11th Cir. 2005) (holding that the "exclusive remedy" for a state inmate's claim challenging the basis for or validity of his incarceration "is to file a habeas corpus petition pursuant to 28 U.S.C. § 2254"). The Supreme Court emphasized "that a claim either is cognizable under § 1983 and should immediately go forward, or is not cognizable and should be dismissed." *Balisok*, 520 U.S. at 649. In 2005, "the Supreme Court reviewed its prior holdings in this area and summarized that a state prisoner's § 1983 action is barred (absent previous invalidation [of his conviction or sentence])—no matter the relief sought (damages or equitable relief), no matter the target of the prisoner's suit (state conduct leading to conviction or internal prison proceedings)—if success in that action would necessarily demonstrate the invalidity of confinement or its duration." *Robinson v. Satz*, 260 F. App'x 209, 212 (11th Cir. 2007)

(citing *Wilkinson v. Dotson*, 544 U.S. 74, 81–82 (2005)) (internal quotation marks omitted).

Under the circumstances of this case, *Heck* and its progeny bar Black's use of any federal civil action, other than a petition for habeas corpus relief under 28 U.S.C. § 2254, to mount a collateral attack on the validity of his conviction or probation revocation. *Heck*, 512 U.S. at 489. "*Heck* clarifies that *Preiser* is a rule of cognizability, not exhaustion." *Abella v. Rubino*, 63 F.3d 1063, 1066 n.4 (11th Cir. 1995). Consequently, the claims presented by Black challenging the constitutionality of his 2014 DUI conviction and the recent revocation of probation are not cognizable in this cause of action at this time and therefore are subject to summary dismissal in accordance with the provisions of 28 U.S.C. § 1915(e)(2)(B)(ii).

## II. CONCLUSION

Accordingly, it is the RECOMMENDATION of the Magistrate Judge that:

1. The claims presented by the plaintiff challenging the constitutionality of his arrest on October 22, 2012 be DISMISSED with prejudice in accordance with the directives of 28 U.S.C. § 1915(e)(2)(B)(i).

2. The plaintiff's claims against the prosecutor be dismissed with prejudice pursuant to the provisions of 28 U.S.C. §1915(e)(2)(B)(i) and (iii).

3. Those claims which go to the fundamental legality of the conviction imposed upon Black in 2014 by the Circuit Court of Lee County, Alabama for felony DUI and the revocation of probation by the trial court on January 24, 2018 be dismissed

without prejudice under 28 U.S.C. § 1915(e)(2)(B)(ii) as these claims are not properly before the court in this 42 U.S.C. § 1983 action.

4. This case be dismissed prior to service of process in accordance with the directives of 28 U.S.C. § 1915(e)(2)(B)(i), (ii) and (iii).

On or before **July 24, 2018** the parties may file objections to the Recommendation. A party must specifically identify the factual findings and legal conclusions in the Recommendation to which the objection is made. Frivolous, conclusive, or general objections to the Recommendation will not be considered.

Failure to file written objections to the Magistrate Judge's findings and recommendations as required by the provisions of 28 U.S.C. § 636(b)(1) shall bar a *de novo* determination by the District Court of legal and factual issues covered in the Recommendation. The failure to file written objections will also waive the right of the plaintiff to challenge on appeal the District Court's order based on unobjected-to factual and legal conclusions accepted or adopted by the District Court except upon grounds of plain error or manifest injustice. 11th Cir. R. 3-1; *see Resolution Trust Co. v. Hallmark Builders, Inc.*, 996 F.2d 1144, 1149 (11th Cir. 1993); *Henley v. Johnson*, 885 F.2d 790, 794 (11th Cir. 1989).

DONE this 10th day of July, 2018.

GRAY M. BORDEN
UNITED STATES MAGISTRATE JUDGE